UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TONIAH BARNES, individually and on
behalf of all others similarly situated,

    Plaintiff,

vs.

Case No.: 6:22-cv-00651

QUILL LINCOLNSHIRE, INC.,

    Defendant.
_____/

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and asserting original federal jurisdiction under 28 U.S.C. § 1332(d)(2), defendant Quill Lincolnshire, Inc. ("Quill"), through counsel, hereby removes the above-captioned action from the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida to the United States District Court for the Middle District of Florida. In support of removal, Quill states the following:

### I. STATE COURT ACTION

1. On February 28, 2022, Toniah Barnes ("Plaintiff") filed a putative class action complaint against Quill in the Circuit Court of the Eighteenth

Judicial Circuit in and for Seminole County, Florida, styled *Toniah Barnes, individually and on behalf of all others similarly situated v. Quill Lincolnshare, Inc.*, Case No. 2022CA000441 (the "State Court Action"), alleging that Quill violated the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059.  *See* Ex. A ("Compl.").

2. Plaintiff alleges that, "[i]n violation of the FTSA," Quill "made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the [putative class members] without Plaintiff's and the [putative class members'] prior express written consent," and that Quill "made and/or knowingly allowed the telephonic sales calls to Plaintiff and the [putative class members] to be made utilizing an automated system for the selection and dialing of telephone numbers." (*Id.* ¶¶ 52-53.)

3. Plaintiff purports to bring her claim against Quill on behalf of a putative class, defined as: "All persons in Florida and/or Florida residents who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff." (*Id.* ¶ 37.)

4. For relief, Plaintiff seeks an injunction and statutory damages, on behalf of herself as well as a putative class. (*Id.* ¶ 4.)  Specifically, Plaintiff seeks: "[a]n order certifying this case as a class action on behalf of

the [putative class members], and appointing Plaintiff as the representative of the [putative class members] and Plaintiff's counsel as Class Counsel"; "[a]n award of statutory damages for Plaintiff and each member of the Class"; "[a]n order declaring that [Quill's] actions, as set out [in the state court complaint], violate the FTSA"; "[a]n injunction requiring [Quill] to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Class"; and "[s]uch further and other relief as the Court deems necessary." (*Id.* at Prayer for Relief.)

5. Also on February 28, 2022, a civil cover sheet, an issued summons, and a case management plan and case management order were filed. *See* Ex. B (all remaining state court documents).

6. On March 2, 2022, Plaintiff served a copy of the summons and complaint upon Quill. *See Id.*

7. No further proceedings have occurred in the State Court Action.

## II. GROUNDS FOR REMOVAL

8. This Court has subject matter jurisdiction over Plaintiff's claims under the Class Action Fairness Act ("CAFA").

9. "No antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S.

3

81, 89 (2014). "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Id.* (quoting S. Rep. No. 109-14, p. 43 (2005)).

10. Under CAFA, codified in relevant part at 28 U.S.C. §§ 1332(d)(2) and 1453(b), this Court has original jurisdiction over this action because: (1) this is a class action where the putative class includes more than 100 members; (2) there is minimal diversity of citizenship; and (3) the amount in controversy exceeds $5,000,000.

### A. This Is a "Class Action" With More Than 100 Putative Class Members

11. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

12. Plaintiff alleges that "this is a class action," and she seeks an order certifying the case as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). (Compl. ¶¶ 1, 37; *id.* at Prayer for Relief.)

13. Actions seeking class treatment under Florida Rule of Civil Procedure 1.220 are "class actions" for purposes of CAFA. *See Coquina*

4

*Crossing Homeowners Association, Inc. v. MHC Operating Limited Partnership*, No. 3:21-CV-84-MMH-LLL, 2022 WL 843582, at *7 (M.D. Fla. Mar. 22, 2022) ("Florida Rule 1.220 . . . is not only 'similar' to, but is based on, Rule 23.").

14. The putative class Plaintiff seeks to represent includes more than 100 members. Plaintiff alleges that she "does not know the exact number of members in the Class but believes the Class members are at least 50 individuals." (Compl. ¶ 38.) Plaintiff alleges that the class includes "All persons in Florida or Florida residents who (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff." (*Id.* ¶ 37.) Quill has determined that the putative class includes more than 100 members. Specifically, preliminary investigation with Quill's third-party vendor indicates that Quill sent 5,820 text messages to subscribers that fit the alleged definition. (*See* Declaration of Kathryn Beach ¶¶ 3-4.)

### B. There Is Minimal Diversity of Citizenship

15. There is minimal diversity of citizenship among the parties. Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

16. Plaintiff alleges that Plaintiff "is, and at all times relevant hereto was, a citizen and resident of Seminole County, Florida." (Compl. ¶ 5.) As noted above, the putative class is limited geographically to "persons in Florida and/or Florida residents." (*Id.* ¶ 37.)

17. Quill is a Delaware corporation with its principal place of business in Illinois. (*See* Compl. ¶ 7; Beach Decl. ¶ 2.) Quill is therefore a citizen of Delaware and Illinois for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

### C. The Amount in Controversy Exceeds $5,000,000

18. The amount in controversy under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, CAFA expressly requires that "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

19. The bar for establishing the amount in controversy is low—the notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Ownes*, 574 U.S. at 89.

20. Quill denies the validity and merit of Plaintiff's claim, the legal theories upon which it is based, and that Plaintiff and the putative class are entitled to any alleged claim for monetary or other relief. Solely for the

purposes of removal, however, and without conceding that Plaintiff or the putative class is entitled to damages, the aggregated claims of the putative class establish that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

21. Plaintiff alleges that Quillo violated the FTSA through "telephonic sales calls" made to Plaintiff and the putative class members, using an "automated system" and without prior express written consent. (Compl. ¶¶ 52-53.)

22. The FTSA provides for statutory damages of $500 per violation, with statutory treble damages available where the court finds the statute was wilfully or knowingly violated. Fla. Stat. § 501.059(10).

23. By isolating Florida-based telephone numbers from records of text messages sent, Quill has determined that 5,820 text messages are alleged to be at issue. (*See* Beach Decl. ¶ 4.) This translates to alleged minimum statutory damages of $2,910,000 (5,820 violations x $500). With statutory trebling alleged in the Complaint, the amount of statutory damages for purposes of determining jurisdiction is $8,730,000 ((5,820 violations x $500) x 3). *Cf. Lee v. Conagra Brands, Inc.*, 958 F.3d 70, 75 (1st Cir. 2020) (deeming amount in controversy satisfied where notice of removal noted that statutory damages "could potentially be trebled").

7

24. The FTSA further provides that the prevailing party "shall receive his or her reasonable attorney's fees and costs from the nonprevailing party." Fla. Stat. § 501.059(11)(a). That amount only further supports the conclusion that the jurisdictional threshold is met.

### III.  REMOVAL IS PROCEDURALLY PROPER

25. Removal is timely because Quill filed this notice within thirty days of Plaintiff's service of the Complaint on Quill. *See* 28 U.S.C. § 1446(b)(1).

26. Removal to this Court is proper because the United States District Court for the Middle District of Florida embraces the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, where Plaintiff commenced this action. *See* 28 U.S.C. §§ 89(b), 1441(a); Local Rule 1.06(a).

27. Quill submits with this notice a copy of all process, pleadings, and orders served upon it in this action as Exhibits A-B. *See* 28 U.S.C. § 1446(a).

28. Quill will provide prompt written notice to Plaintiff, through counsel, of this removal, in accordance with 28 U.S.C. § 1446(d).

29.     Quill will promptly file a copy of this notice of removal with the Clerk of the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida in accordance with 28 U.S.C. § 1446(d).

### IV.     NON-WAIVER

30.     If the Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction under CAFA, the time within which to remove will have not begun to run, and Quill reserves the right to remove this action at the appropriate time. *See Owoc v. LoanCare, LLC*, 524 F. Supp. 3d 1295, 1300-01 (S.D. Fla. 2021); *Clark v. Unum Life Ins. Co. of Am.*, 95 F. Supp. 3d 1335, 1354 (M.D. Fla. 2015).

31.     Quill reserves all defenses and objections it may have to this action and without conceding either the Complaint's allegations or that Plaintiff has pleaded claims upon which relief may be granted.

WHEREFORE, Quill hereby removes this action from the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida to this Court.


Dated:  April 1, 2022                        Respectfully submitted,

KELLEY DRYE & WARREN LLP

By: */s/ Matthew Luzadder*
Matthew Luzadder
mluzadder@kelleydrye.com
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
26th Floor
Chicago, IL 60606
Telephone: (312) 857-7070
Facsimile: (312) 857-7095

*Counsel for Defendant Quill Lincolnshire, Inc.*

## CERTIFICATE OF SERVICE

I certify that on April 1, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record. I also certify that the foregoing document is being served this day on all counsel of record listed below by email:

Manuel S. Hiraldo
mhiraldo@hiraldolaw.com
401 E. Las Olas Blvd, Suite 1400
Ft. Lauderdale, Florida 33301

*Counsel for Plaintiff*

10

                                                        */s/Matthew Luzadder*
                                                        Matthew Luzadder